124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lavon POINDEXTER, Plaintiff-Appellant,
v.
John J. CALLAHAN, Acting Commissioner of Social Security,
Defendant-Appellee.
 No. 96-4018.
 United States Court of Appeals, Seventh Circuit.
 Submitted aug. 7, 1997.*
Decided Aug. 18, 1997.
 
 Before POSNER, Chief Judge, and EASTERBROOK, and MANION, Circuit Judges.
 
 Order
 
 1
 Lavon Poindexter, a mechanical engineer, ran an independent business until 1993. But after November 22, 1986, when he passed out while golfing, Poindexter's business did not prosper. In 1993 he filed an application for disability benefits under the Social Security Act. His last date of coverage was December 31, 1986, and the success of his claim therefore depended on proof that he was disabled by that date. Establishing the state of one's health many years ago can be difficult, and an administrative law judge concluded that Poindexter had not succeeded. The Appeals Council declined to review the case. On judicial review, a magistrate judge, acting by the consent of the parties, held that the administrative decision is supported by substantial evidence.
 
 
 2
 The ALJ decided the case at Step Two of the five-step sequence, concluding that Poindexter had not established that he suffered from a "severe impairment" before the end of 1986. See 20 C.F.R. § 404.1520(c). Poindexter relies on psychological and medical evaluations from 1993 and 1994. The ALJ concluded, however, that although these evaluations may show that Poindexter was severely impaired in 1994, they do not establish the severity of his impairment in 1986. None of the reports attempts to determine the state of Poindexter's health before 1987. Medical evidence assembled after the expiration of coverage may be a basis of an inference that the disability began earlier, but the ALJ concluded that the particular evidence Poindexter offered did not illuminate the state of his health in 1986. That conclusion is supported by substantial evidence.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)